UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                    Bankruptcy No. 05-31290
                                                          Chapter 7
Dorothy E. Kongslie,

                        Debtor.
_____/

## MEMORANDUM AND ORDER

Before the Court is a motion for turnover filed by Michael L. Wagner, the Chapter 7 trustee in this case, on January 18, 2008.  The trustee asserts that any assets or proceeds Debtor Dorothy E. Kongslie has received from a trust created under her deceased father's will are property of the bankruptcy estate and subject to turnover.  Debtor resists the motion.

The matter was heard on March 4, 2008.  The following constitutes the court's findings of fact and conclusions of law.

I

Debtor's father, H.L. Follman, died on October 25, 1979.  Section VI of his will provided for the creation of a trust:

> I devise and bequeath the residue of my estate to Delores Follman and my daughter, Linda K. Smith, as trustee of a separate trust to be known as "TRUST B", to be administered and distributed by my trustee as follows:
>
> a.      The net income from TRUST B, beginning as of the date of my death, shall be paid to my wife, Delores Follman, in monthly or other convenient installments, but at least annually, during her life[.]
>
> b.      My trustee may also pay to or apply for the benefit of any child of mine, or issue of any child of mine, from time to time such sums from the principal of TRUST B as it deems necessary or advisable to provide for their proper care, support, maintenance and education.  Such payments need not be for

the equal benefit of my children and issue of children not charged against their shares hereafter provided.

   c. After the death of my wife, Delores Follman, or in the event she predeceases me, then upon my decease, my trustee shall administer TRUST B as follows:

    1. Until my youngest child attains the age of twenty-one (21) years, my trustee, from time to time may pay to or apply directly for the benefit of my children and issue of children such sums from the net income and principal of TRUST B as my trustee deems necessary or advisable to provide for their proper care, support, maintenance and education.  Such payments need to be for the equal benefit of my children and issue of children.

    2. When my youngest living child has attained the age of twenty-one (21) years, my trustee shall divide TRUST B into equal shares so as to provide one share for each then living child of mine, and one share for the living issue, collectively, of each deceased child of mine.  My trustee in making the division may take into account advances of principal to my children made after such child had attained the age of twenty-one (21) years but my trustee shall not take into account advances of principal to my children made before such child has attained the age of twenty-one (21) years.

   a. The share for the benefit of a living child of mine shall continue in trust as follows:

    1. The net income from such trust shall be paid to such child in monthly or other convenient installments, but at least annually, throughout the duration of the trust.

    2. My trustee may also pay to or apply directly for the benefit of such child such sums from the principal of the trust as my trustee deems necessary or advisable to provid [sic] for such child's proper care, support, maintenance, education and welfare.

    3. At any time after such child has attained the age of twenty-five (25) years he may by written request withdraw up to one-half (½) of his trust as it then exists, and at any time after such child has attained the age of thirty (30) years he may by written request withdraw all or any portion of said trust then remaining.

H.L. Follman's heirs included his wife, Delores Follman, Debtor, and Debtor's four siblings.

Section XII of the will contained the following spendthrift provision:

> No title in the trusts created in and by this will, or in the income therefrom, except the income and general testamentary power of appointment reserved to my wife in TRUST A of paragraph IV., shall vest in any beneficiary and neither the principal nor the income of any such trust shall be liable for the debts of any beneficiary, and no beneficiary shall have the power to sell, assign, transfer, encumber, or in any other manner to anticipate or dispose of his or her interest in any such trust, or the income produced thereby, prior to the actual distribution in fact, by the trustee to said beneficiary.

Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on June 24, 2005, and Debtor received a discharge on October 6, 2005. The case was closed on October 19, 2005.

Debtor's mother died on April 13, 2006. All of her children were over the age of 30 at that time.

## II

The trustee seeks turnover of any assets Debtor has received under Trust B pursuant to section 542. 11 U.S.C. § 542. Section 542(a) of the Bankruptcy Code provides in relevant part:

> [A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Pursuant to section 363, the trustee may use, sell, or lease property of the estate. 11 U.S.C. § 363(b)(1). Thus, the issue before the Court is whether Debtor's interest in Trust B is property of the estate.

Property of the estate includes "[a]ll legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The scope of section 541(a)(1) is

3

very broad and includes property of all descriptions, tangible and intangible. See Ramsay v. Dowden (In re Central Arkansas Broad. Co.), 68 F.3d 213, 214 (8th Cir. 1995); Drewes v. Vote (In re Vote), 261 B.R. 439, 442 (B.A.P. 8th Cir. 2001). Property of the estate generally includes the debtor's interest in property that has restrictions or conditions on its transfer. See 11 U.S.C. § 541(c)(1); In re Central Arkansas Broad. Co., 68 F.3d at 214. One exception is that the debtor's interest in a spendthrift trust is excluded from the estate to the extent the trust is enforceable under nonbankruptcy law. 11 U.S.C. § 541(c)(2); Markmueller v. Case (In re Markmueller), 51 F.3d 775, 776 (8th Cir. 1995). The applicable nonbankruptcy law in this case is North Dakota trust law which, at the time of Debtor's bankruptcy filing, generally recognized spendthrift trust provisions.[1] See In re Schauer, 246 B.R. 384, 388 (Bankr. D.N.D. 2000) (citing Brownell v. Leutz, 149 F. Supp. 98, 103 n.7 (D.N.D. 1957).

The trustee concedes that North Dakota law recognizes spendthrift trusts and that Trust B constitutes a spendthrift trust. The trustee argues, however, that section 541(c)(2) only eliminates Debtor's right to transfer her beneficial interest in the trust from the bankruptcy estate, and does not affect the trust corpus. He asserts that on the petition date, Debtor had the immediate right to 1/5 of the trust corpus upon the death of her mother, and a temporary restraint on alienation does not remove the trust corpus from the bankruptcy estate. Rather, he argues, it only delays when the estate may liquidate the property.

---

[1] Effective August 1, 2007, North Dakota trust law underwent major revisions, including a new chapter of the North Dakota Century Code, ch. 59-13, addressing spendthrift and discretionary trusts.

4

The Court disagrees and finds <u>In re Schauer</u>, 246 B.R. 384 (Bankr. D.N.D. 2000) apposite.

<u>In re Schauer</u> involved a debtor who was a trust beneficiary of a residuary trust created by his

father that contained the following anti-alienation, or spendthrift, provision:

> The right and interest of any beneficiary other than the Donor to receive income or
> principal hereunder shall not be alienable or anticipated by way of assignment or
> otherwise, and shall not be subject to interference or attachment by creditors or any
> other person.

246 B.R. at 386.  The trust further provided that income from the trust was to be distributed to

debtor's mother during her lifetime.  <u>Id.</u>  Upon the debtor's mother's death, the trust was to be

divided into equal shares for each of the children.  <u>Id.</u>  After the debtor's mother's death, each of

the children, upon reaching age 35, had the right to compel a distribution of his or her entire share

of the trust.  <u>Id.</u>  The debtor and his siblings were all over the age of 35 at the time of the

bankruptcy, but the debtor's mother was still alive.  <u>Id.</u>  The Court held that a debtor's future

interest in the corpus of a spendthrift trust is excluded from the bankruptcy estate under section

541(c)(2) where the applicable spendthrift provision in the trust restricts alienation of that future

interest.  <u>Id.</u> at 388.

The trustee argues that <u>In re Schauer</u> should be overruled, but the Court is not persuaded.

The spendthrift provision, the other relevant trust provisions, and the other facts in the present case

are very similar to the provision in <u>In re Schauer</u>.  The Court therefore reaches the same result.

At the time of her bankruptcy filing, Debtor had a future interest in the corpus of Trust B

because one of the preconditions to the vesting of her interest – the death of her mother – had not

occurred.  Trust B contained a spendthrift provision restricting the alienation of that future interest.

The spendthrift provision was recognized by nonbankruptcy law, and the Court therefore concludes

that debtor's future interest in the corpus of Trust B was excluded from the bankruptcy estate under

section 541(c)(2).  Because the interest was not property of the estate, it is not subject to turnover

under section 542, and the trustee's motion is DENIED.

**SO ORDERED.**

Dated this April 10, 2008.

**WILLIAM A. HILL, JUDGE**
**U.S. BANKRUPTCY COURT**